**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2249
_____

AMGAD A. HESSEIN. M.D.,

Appellant

v.

THE AMERICAN BOARD OF ANESTHESIOLOGY
INC; DOUGLAS B. COURSIN, M.D., Board of Directors,
in their official capacity; CYNTHIA A. LIEN, M.D.,
Board of Directors, in their official capacity; J. JEFFREY
ANDREWS, M.D., Board of Directors, in their official
capacity; DAVID L. BROWN, M.D., Board of Directors,
in their official capacity; DANIEL J. COLE, M.D., Board
of Directors, in their official capacity; DEBORAH J.
CULLEY, M.D., Board of Directors in their official capacity;
BRENDA G. FAHY, Board of Directors, in their official
capacity; ROBERT R. GAISER, M.D., Board of Directors,
in their official capacity; WILLIAM W. HESSON, M.D.,
Board of Directors, in their official capacity; ANDREW J.
PATTERSON, M.D., Ph.D., Board of Directors, in their
official capacity; JAMES P. RATHMELL, M.D., Board of
Directors, in their official capacity; SANTHANAM
SURESH, Board of Directors, in their official capacity;
MARY E. POST, Executive Staff, in her official capacity;
DAVID H. CHESTNUT, Executive Staff, in his official
capacity; SHIRLINE FULLER, Executive Staff, in her
official capacity; JOHN DOES PERSONS; JOHN DOES
BOARD, in official capacity; JOHN DOES AGENCIES
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 3-14-cv-02039)
District Judge: Honorable Peter G. Sheridan
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 6, 2015

PER CURIAM

Amgad Hessein appeals from an order of the District Court granting summary judgment to the defendants. For the reasons that follow, we will affirm.

Hessein, a physician and anesthesiologist, saw his licenses to practice medicine in New York and New Jersey temporarily suspended as a result of a pending criminal indictment in the Superior Court of Union County, New Jersey. He would eventually be charged with conspiracy, theft by deception, and 72 counts of health care insurance fraud. A trial is pending. Because Hessein's licenses were suspended, in April, 2013, the credentialing committee of the American Board of Anesthesiologists ("the Board") revoked his certifications in anesthesiology and pain management.[1] Hessein commenced this civil action pro se in the United States District Court for the District of New Jersey against the Board and numerous Board members, alleging that the revocation of his specialty certificates violated his right to due process under the Fourteenth Amendment, and violated the Sherman and Clayton Acts, 15 U.S.C. § 1, et seq. He also asserted state

_____

[1] In originally obtaining Board certification -- in 1997 for anesthesiology and in 2009 for pain management – Hessein completed all of the Board's requirements, including residency training and passing written and oral examinations.

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.6 does not constitute binding precedent.

2

claims for, among other things, breach of contract, tortious interference with contract, and defamation. Hessein sought reinstatement of his certificates and punitive damages.

The defendants moved to dismiss the complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). By order dated March 15, 2015, the District Court dismissed most of them for lack of personal jurisdiction.[2] The Board, J. Jeffrey Andrews, and Robert R. Gaiser remained as defendants and the District Court converted their motion to one for summary judgment, Fed. R. Civ. P. 56(a), in which they would contend that the revocation of Hussein's certifications was proper given the state of his medical licenses. Hessein was given an opportunity to show that a genuine issue of fact warranted a trial on his claims. In opposing summary judgment, Hessein contended that his specialty certificates were revoked without notice or a hearing and without authority, and that he was in any event exempt from the requirement that he maintain a license with no restrictions because he obtained his certificates before the Board instituted the challenged policy.

On May 15, 2015, the District Court heard oral argument on the motion for summary judgment and determined that the Board properly revoked Hessein's certifications, substantively and procedurally, because he had failed to maintain an active, unrestricted medical license. An order awarding summary judgment to the remaining defendants and against Hessein was entered on the docket on May 12, 2015. In particular, the District Court determined that Hessein was not entitled to relief under 42 U.S.C. § 1983 for a violation of due process because Andrews, Gaiser and even the Board are not state actors. The Court determined that Hessein could not prevail under the

---

[2] Hessein does not challenge this order on appeal.

3

Sherman and Clayton Acts because the revocation of his certifications was not an illegal or anti-competitive tactic. In addition, the Court determined that Andrews and Gaiser were not in the same geographical location as Hessein and were not in direct competition with him. Hessein's state law claims did not present a triable issue either because, in essence, his medical licenses were, in fact, temporarily suspended due to an indictment for health care fraud and his exemption argument was meritless; he thus could not show that there was a breach of any agreement or duty of care owed to him by the Board, and could not show that the Board lied about his circumstances.

Hessein appeals. We have jurisdiction under 28 U.S.C. § 1291. In his brief on appeal, he contends that he did not receive proper notice of the enforceability of the Board's rule regarding revocation, that enforcement of the rule was arbitrary, and thus that his constitutional right to due process was violated. He also challenges the District Court's disposition of his antitrust and state law claims.

We will affirm. We review a District Court's grant of summary judgment de novo. Alcoa, Inc. v. United States, 509 F.3d 173, 175 (3d Cir. 2007). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of identifying evidence that he believes shows an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Moreover, we are required to view the facts in the light most favorable to the non-moving party, and make all reasonable inferences in his favor. See Armbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994). But, if the moving party has carried its burden, the nonmovant must then come forward with evidence showing

4

that there is a triable issue. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A triable, or genuine, issue of material fact is one that could change the outcome of the litigation. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).

To establish a claim under section 1983, a plaintiff must show that there was (1) a violation of a federally protected constitutional or statutory right, (2) by state action or action under color of law. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1264 (3d Cir. 1994); see also Flagg Bros., Inc., v. Brooks, 436 U.S. 149, 156 (1978). Hessein claims a federally property interest in his Board certifications in anesthesiology and pain management, but he cannot show that the three remaining defendants are state actors, or that they acted under color of law. Specifically, the Board "is a private association. It does not issue licenses to practice; it simply certifies achievement of a standard of excellence. It does not wield any state power and therefore need not use the procedures the due process clause requires of the government." Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 250 (7th Cir. 1994). We agree with the District Court that the Board is not a state actor, and that the requirement that Hessein have an unrestricted medical license in order to keep his Board certifications does not implicate state action. Therefore, due process protections do not apply.

As to his antitrust claims, Hessein argued that the defendants conspired with the state medical boards to revoke his certifications and disrupt his medical practice, but his complaint does not state a plausible claim of an unlawful antitrust conspiracy. The summary judgment record shows that the Board's actions were independent of the actions taken by the state medical boards, and "a conclusory allegation of agreement … does not

5

supply facts adequate to show illegality" under the federal antitrust laws. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007).

Hussein also argued that the Board has monopolized the academic certification of his specialties. We seriously doubt whether the revocation of a physician's board certifications because his license has been temporarily suspended due to a pending criminal indictment could ever be considered anti-competitive under the federal antitrust laws, but, assuming arguendo, that Hessein asserts a challenge to an exclusionary scheme that keeps him out of the market, the narrow scope of his request for injunctive relief dooms his claim. In Daniel v. American Bd. of Emergency Medicine, 428 F.3d 408, 438-39 (2d Cir. 2005), the Second Circuit Court of Appeals held that the emergency medicine physician-plaintiffs did not suffer an antitrust injury and did not have standing to sue when their medical specialty certification board denied them an opportunity to take the certification examination because they had not completed a formal residency program in emergency medicine. The court reasoned that the physician-plaintiffs did not seek to eliminate the residency training requirement; rather, they sought to restore the practice track as an alternative to residency training so that they could qualify for the examination. "[B]y seeking relief that would permit them to join but not end the alleged exclusive arrangement, plaintiffs make plain that they are not complaining of an antitrust injury." Id. at 441. As in Daniel, by seeking the restoration of his certificates, Hessein seeks to join the alleged exclusive arrangement and thus does not state an antitrust injury.

Last, we discern no error in the District Court's disposition of Hessein's state law claims. The Court discussed each claim separately and properly applied governing New Jersey law. We write only to emphasize that the Board promulgated clear rules and

6

regulations and procedural mechanisms for issuing, maintaining, and revoking certifications.[3] These rules apply to Hessein. To the extent that the Board promises certain protections to its diplomates, such as notice of revocation and an opportunity to challenge it, the summary judgment record establishes that Hessian received prior notice that his certificates were subject to revocation and an opportunity to defend. On or about August 1, 2012, the Board sent a letter by certified mail to Hessein to an address provided by him, which was signed for and accepted on his behalf, informing him that because his medical licenses had been suspended, it was initiating proceedings against him to revoke his Board certifications.[4] That the Board has the authority, pursuant to its clearly stated policies, to revoke those certifications under the circumstances presented here cannot seriously be disputed. Moreover, no reasonable jury could find that the defendants dealt unfairly or in bad faith in revoking Hessein's certifications.

In sum, Hessein's medical licenses were temporarily suspended, and whether or not he agrees that this action taken by the New Jersey and New York licensing boards was proper,[5] the Board applied its policy that a diplomate's certification shall be revoked if he or she does not maintain a medical license from at least one jurisdiction in the United States or Canada that is unrestricted. There can be no genuine dispute that a

---

[3] The Board's policies are set forth in a "Booklet of Information."

[4] Following revocation, Hessein's counsel sought an explanation from the Board. Counsel for the Board wrote to Hessein's counsel in April, 2013 and explained the Board's reasons for revoking Hessein's certifications.

[5] Hessein claims that he was "framed" by "disgruntled employees." Appellant's Brief, at 43. If Hessein ultimately is acquitted of the charges against him or the charges are withdrawn, he may reapply for certification, N.T., 3/26/15, at 11.

medical license is not unrestricted when it is temporarily suspended due to a pending criminal indictment. The Board breached no contract with Hessein, breached no duty of care owed to him, and did not defame him by noting on its website that his certifications had been revoked.

For the foregoing reasons, we will affirm the order of the District Court awarding summary judgment to the defendants.